[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
In this foreclosure action, the defendant has filed an answer, special defenses and counterclaims. The fourth counterclaim alleges a CUTPA violation.
In this pleading, the defendant alleges that, after her residence was damaged by fire, the plaintiff received $21,668 from her insurance carrier. She goes on to claim that rather than using these funds to render the premises habitable, as required in the mortgage note, the plaintiff applied them to the principal balance of her mortgage. She claims this left her without funds to repair her home, forced her to spend money for other housing and created the default which is now the subject of this foreclosure.
Previous court decisions have concluded that CUTPA applies to financial institutions and the claim may be asserted as a counterclaim in foreclosures. Cheshire Mortgage v. Montes, 223 Conn. 80, 105 (1992).
In this case, the alleged violation, if proven, would violate a clause in the loan agreement. It would be inequitable to permit one to enforce, via foreclosure, an agreement it had breached. To suggest that she should institute a separate action begs the question. She is entitled to the protection of her loan agreement and should not lose her house and then some time later recover only damages.
This is not the usual situation where the defendant in a foreclosure action seeks to defend on grounds independent of the mortgage. At issue here is a mortgage term involved in the making, validity and enforcement of the instrument. According to the defendant, absent the breach there would be no default and no occasion to foreclose.
The plaintiff argues that the CUTPA claim does not arise out of the same transaction and should be rejected. However, it and the other allegations of the defendant's arise out of an alleged specific breach of the loan agreement and disallowing it here would insure another suit being brought. The court is prepared to see that the matter is assigned for trial as soon as the parties agree it is ready, thus negating the concern for delay of an expedited process — the foreclosure.
The motion to strike is therefore denied.
 Anthony V. DeMayo Judge Trial Referee
CT Page 2449
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2449-a